UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA DEMARA,

    Plaintiff,      Civil Action No. 15-12634
              Honorable Matthew F. Leitman
v.              Magistrate Judge David R. Grand

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISMISS THE COMPLAINT FOR FAILURE TO PROSECUTE [10]

### I. RECOMMENDATION

Plaintiff Tina Demara ("Demara") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her claim for benefits. Having failed to: (1) file a proper renewed IFP application; (2) pay the appropriate filing fee; or (3) show cause in writing as to why this case should not be dismissed, the Court RECOMMENDS that the complaint be DISMISSED WITH PREJUDICE for failure to prosecute.

### II. REPORT

#### A. Background

Demara commenced this action on July 27, 2015. [1]. Coincident with the filing of the complaint, she also submitted an application to proceed without the prepayment of fees or costs ("in forma pauperis" or "IFP application"). [2]. On August 10, 2015, the Court issued Demara an order to show cause as to why it should not recommend denying her IFP application. [6]. As a basis for issuing the show cause order, the Court noted that: (1) Demara's claim of financial

hardship was "not adequately supported"; (2) her supporting affidavit had been "sworn to before an unauthorized notary" – her attorney; and (3) her affidavit did not conform with 28 U.S.C. § 1746(2). [*Id.* at 2]. The Court afforded Demara until August 27, 2015 to respond to the order, but she failed to do so.

On November 30, 2015, the Court issued a Report and Recommendation denying Demara's IFP application for the reasons stated in its prior show cause order. [7]. On January 13, 2016, United States District Judge Matthew F. Leitman adopted the Report and Recommendation without having received an objection from Demara. [8 at 2]. In view of Judge Leitman's decision and Demara having taken no further action in the case, this Court issued yet another show cause order on February 17, 2016. [10]. The Court ordered Demara, on or before March 4, 2016, to either: "(1) file a proper renewed IFP application; (2) pay the appropriate filing fee; or (3) show cause in writing as to why this case should not be dismissed." [*Id.* at 2]. It also warned her that, in the event she "fail[ed] to comply with this Order, the Court will issue a Report and Recommendation that this action be **DISMISSED WITH PREJUDICE** for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and E.D. Mich. LR 41.2." [*Id.* (emphasis added)]. To date, neither Demara, nor her attorney, have remedied the deficiencies in her IFP application, nor have they taken any measures to advance this case to a final disposition on the merits.

### B. Legal Standard

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket

and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629.

The Sixth Circuit has established a four factor test to determine whether a case should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *Knoll*, 176 F.3d at 363. Those factors are: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.*

**C.     Analysis**

With respect to the first factor, even after the Court warned Demara that her failure to take the above measures would result in a recommendation that her case be dismissed with prejudice for failure to prosecute, she still failed to respond to the Court's February 17, 2016 show cause order. Therefore, even though it is not clear that Demara's failure to respond was done in bad faith, it is "certainly willful and with fault." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 U.S. Dist. LEXIS 68040, *3 (E.D. Mich. May 14, 2013).

As to the second factor, there is little prejudice to the Commissioner, as Demara's failure simply results in a delay in the litigation. However, the third and fourth factors weigh heavily in favor of dismissal, as Demara has been given a clear warning that the case would be dismissed if she did not take the appropriate measures or respond to this Court's show cause order. Under these circumstances, "dismissal is the only appropriate remedy" because Demara "has effectively

abandoned the case."[1]  *Id.*

### III. CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that Demara's complaint be DISMISSED WITH PREJUDICE for failure to prosecute.

Dated: March 31, 2016　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy.

---

[1] With regards to whether Demara has effectively abandoned this case, the Court notes that the Clerk's office issued a "Notice of E-mail Delivery Failure" to her attorney on January 20, 2016 and February 26, 2016 (the "Notices"). [9, 11]. The Notices state that one of the reasons why an e-mail delivery failure occurs is because "the attorney does not keep his/her e-filing account properly updated with a valid e-mail address." [*Id.*]. This does not mean, however, that Demara's attorney is unaware of the Court's filings. Indeed, Demara's attorney was informed of the delivery failures; the Clerk's office certified that a copy of each Notice "was served upon the parties and/or counsel of record on this date, by electronic and/or ordinary mail." [*Id.*]. The Court further clarified with the Clerk's office that a copy of each Notice was mailed to Demara's attorney's office. Still, Demara's attorney has not filed anything in this case since her initial IFP application.

*See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email and First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2016.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
